IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| AMAYA RIDENOUR<br>1241 Pickford Ave.<br>Akron, Ohio 44302 | )<br>)<br>) | CASE NO.<br><br>JUDGE: |
| Plaintiff, | )<br>) | |
| v. | )<br>) | **COMPLAINT FOR DAMAGES** |
| BEYOND EXPECTATIONS BARBER COLLEGE, LLC<br>c/o Eric D. Garrett, Sr.<br>1070 Hazel St.<br>Akron, Ohio 44305 | )<br>)<br>)<br>)<br>)<br>) | **(Jury Demand Endorsed Hereon)** |
| Defendant. | ) | |

Plaintiff, Amaya Ridenour, by and through undersigned counsel, as her Complaint against Defendant, Beyond Expectations Barber College, LLC, states and avers the following:

## JURISDICTION AND VENUE

1. This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331, 1343, and 1367 for Ridenour's claims arising under Title IX, 20 U.S.C. § 1681(a) *et. Seq.*

2. Venue is properly in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2) because (a) the Defendant is located in this judicial district, and (b) a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred within this judicial district.

## PARTIES

3. Plaintiff Amaya Ridenour is a Summit County, Ohio resident, and former student of Beyond Expectations Barber College, LLC.

4. Defendant, Beyond Expectations Barber College, LLC ("Beyond Expectations"), is an Ohio corporation that maintains a place of business located at 2202 Romig Road, Akron, Ohio 44320.

5. Beyond Expectations is a recipient of federal financial assistance, including Paycheck Protection Program (PPP) funding, and Beyond Expectations is therefore subject to the requirements of Title IX.

## FACTUAL ALLEGATIONS

6. Ridenour incorporates by reference the allegations from the preceding paragraphs, as if fully re-alleged herein.

7. Ridenour attended Beyond Expectations from March 1, 2022 until August 12, 2022 when she was expelled after experiencing sexual harassment at the hands of the Director, Eric D. Garrett, Sr.

8. Beyond Expectations had actual knowledge of Ridenour's allegations by an "appropriate person," and so deficiently responded to those allegations that its response amounts to deliberate indifference to the discrimination.

9. As the Director of The College, Garrett is an "appropriate person" with notice of the harassment, therefore The College is liable for the sexual harassment under Title IX.

10. Throughout Ridenour's enrollment at Beyond Expectations, Garrett would hug her and put his arm around her, even though she objected to the unwanted physical touch.

11. The sexual harassment escalated at the end of July 2022 when, at a graduation, Garrett forced Ridenour to stand next to him for a group photo, the ("July 2022 Incident").

12. During the July 2022 Incident, Garrett stood close to Ridenour, rubbed up against her, and pressed his genitals against her.

13. During the July 2022 Incident, Ridenour attempted to walk away, but Garrett followed her, put his arm around her, kissed her on the cheek, and told her that he loved her.

14. Because Garrett made Ridenour so uncomfortable, she avoided him as much as possible after the July 2022 Incident.

15. Approximately two weeks after the July 2022 Incident, Garrett expelled Ridenour for "not being nice."

16. Garrett actually expelled Ms. Ridenour from Beyond Expectations because she rebuffed his sexual advances.

### COUNT: VIOLATION OF TITLE IX – 20 U.S.C. § 1681(a)

17. Ridenour incorporates the preceding paragraphs as if set forth fully herein.

18. Defendant Beyond Expectations received federal financial assistance, therefore Beyond Expectations is subject to the provisions of Title IX of the Education Act of 1972, 20 U.S.C. § 1681(a), *et seq.*

19. An "appropriate person" at Beyond Expectations had actual knowledge of the discrimination and harassment as alleged by Plaintiff.

20. Beyond Expectations acted with deliberate indifference to known acts of sexual harassment.

21. As a direct and proximate result of Beyond Expectations' unlawful conduct, Ridenour has suffered and will continue to suffer damages.

**WHEREFORE,** Ridenour respectfully prays that this Court grant the following relief against Beyond Expectations as follows:

a. An award of damages in an amount to be established at trial, including, without limitation, reimbursement and prepayment for all of Plaintiff's tuition or related expenses;

b. damages for deprivation of equal access to the educational benefits and opportunities provided by Beyond Expectations;

c. Damages for past, present, and future emotional pain and suffering, ongoing and severe mental anguish, and loss of past, present, and future enjoyment of life;

d. An Order enjoining Beyond Expectations, along with all of its agents, employees, and those acting in concert therewith, from unlawful discrimination on the basis of sex, including the failure to address, prevent, and/or remedy sexual harassment;

e. Attorneys' fees pursuant to 42 U.S.C. § 1988(b);

f. For such other and further relief as the Court may deem proper; and,

g. Award any and all other relief that may be necessary and appropriate.

Respectfully Submitted,

/s/ *Claire I. Wade*
Claire I. Wade (0093174)
Sobel, Wade & Mapley, LLC
55 Erieview Plaza, Suite 370
Cleveland, Ohio 44114
T: (216) 223-7213
F: (216) 223-7213
wade@swmlawfirm.com

*Counsel for Plaintiff Amaya Ridenour*

## JURY DEMAND

Plaintiff Amaya Ridenour demands a trial by jury by the maximum number of jurors permitted.

/s/ *Claire I. Wade*
Claire I. Wade (0093174)

*Counsel for Plaintiff Amaya Ridenour*